IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DONNELL JAMISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 17-3119 |
| ) | |
| JASON GARNETT,[1] ) | |
| Chief of Parole, ) | |
| ) | |
| Respondent. ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

In May 2017, Petitioner Donnell Jamison filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 1) [hereinafter Petition].  Petitioner argues that the consecutive nature of his imprisonment terms increased his sentence without due process.

The Court finds that an evidentiary hearing is not warranted. See Rule 8(a) of the Rules Governing Section 2254 Cases in the

---

[1] When Petitioner filed his Petition, he was housed at the Western Illinois Correctional Center.  In November 2017, Petitioner was released and placed on parole.  Therefore, the Court substituted Chief of Parole Jason Garnett as Respondent.

United States District Courts. For the reasons that follow, the Petition is DENIED. The Court could dismiss the Petition because Petitioner has not exhausted all of his available state court remedies. However, the Court chooses to review the Petition on the merits and finds that the Seventh Circuit's decision in Dellinger v. Bowen, 301 F.3d 758 (7th Cir. 2002) forecloses relief on Petitioner's claim. Therefore, the Petition is DENIED.

## I. BACKGROUND

On December 14, 2016, the Circuit Court of DuPage County, Illinois, sentenced Petitioner in two related cases in which Petitioner had been convicted of identity theft. See People v. Jamison, Nos. 2016-cf-1517, 2016-cf-1793 (Ill. Cir. Ct.) (d/e 1-1 at 11-12). In case number 1793, the Circuit Court sentenced Petitioner to one year of imprisonment and one year of mandatory supervised release. In case number 1517, the Circuit Court sentenced Petitioner to three years and six months of imprisonment and one year of mandatory supervised release, to run concurrently with the sentence in case number 1793. The Circuit Court further ordered that the sentence in case number 1517 run consecutively to the sentences imposed in two earlier Cook County cases: 2014-cr-8879 and 2015-cr-1230.

Petitioner states that he had been released on electronic monitoring in the two Cook County cases on December 22, 2014, and that he was still on electronic monitoring on September 16, 2016, when he committed the offenses that formed the bases of the DuPage County cases. Petition at 5. Petitioner asserts that his consecutive sentence violated Illinois law.

Petitioner filed habeas petitions in the DuPage County Circuit Court, which denied the petitions on April 19, 2017. See d/e 1-1 at 8-9. Petitioner also sought leave to file a petition for a writ of habeas corpus in the Illinois Supreme Court, which denied that motion on March 28, 2017. See d/e 1-1 at 7.

On May 2, 2017, Petitioner filed the § 2254 Petition at issue herein. Petitioner argues that the DuPage County Circuit Court erred when it ordered his sentences to run consecutively to the earlier Cook County cases. He asserts that Illinois law, as applied to Petitioner, establishes that the Circuit Court should have ordered the sentences to run concurrently to the earlier cases. According to Petitioner, this error violated his Fourteenth Amendment Due Process rights.

## II. LEGAL STANDARD

Section 2254 provides for a federal writ of habeas corpus for a person in state custody when the individual is being held in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). This Court's review of state court decisions is limited by the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2254. If a state court adjudicated a claim on the merits, this Court can grant relief only if the state court adjudication resulted in (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1), (d)(2). The federal habeas court reviews the decision of the last state court to rule on the merits of the petitioner's claim. Coleman v. Hardy, 690 F.3d 811, 814 (7th Cir. 2012).

### III. ANALYSIS

In his Petition, Petitioner challenges the DuPage County Circuit Court's decision to make his sentences run consecutively to the Cook County sentences. See Petition at 3 (d/e 1). On

December 20, 2017, Respondent, the U.S. Government, filed a Motion to Dismiss Petition for a Writ of Habeas Corpus (d/e 8). Respondent argues that the Petition should be dismissed because Petitioner failed to exhaust his state court remedies. Respondent notes that an appeal from the DuPage County Circuit Court cases is pending in the Second District of the Illinois Appellate Court. Respondent states that, as of December 11, 2017, Petitioner's appellate brief was due in April 2018. Motion to Dismiss at 2 (d/e 8). This Court confirmed by phone call to the clerk's office of the Second District that an appeal from the DuPage County cases was still pending as of the issuance of this opinion. See Jamison v. People, Nos. 2-16-1083, 2-16-1084 (Ill. App. Ct.).

A habeas petitioner must clear two procedural hurdles before the Court will consider the merits of the petition: 1) the petitioner must exhaust all state remedies and 2) he must not procedurally default on his claim(s). The state courts must have a "full and fair opportunity" to address the petitioner's federal claims before those claims are presented to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Therefore, before seeking habeas relief, the petitioner must bring his claim(s) through "one complete round

of the State's established appellate review process." Id.; accord Pole v. Randolph, 570 F.3d 922, 934 (7th Cir. 2009). In Illinois, one complete round entails presenting the claim(s) to the circuit court, the district court, and in a Petition for Leave to Appeal (PLA) to the Illinois Supreme Court, which exercises discretion over the selection of cases it reviews. O'Sullivan, 526 U.S. at 846. Petitioner has not yet gone through one full round of state court because the appeal from the sentencing court remains pending.

Secondly, neither Petitioner nor Respondent has indicated whether the consecutive nature of the sentences is at issue before the Second District. If the issue has been raised on appeal, the claim will not be exhausted until the Illinois Supreme Court declines the secondary appeal or accepts the PLA and resolves the issue.

On the other hand, if Petitioner does not raise the consecutive issue on appeal, he will have procedurally defaulted on his claim. Procedural default occurs when petitioner has not exhausted the claims but the petitioner cannot return to the state court. Guest v. McCann, 474 F.3d 926, 930 (7th Cir. 2007) (finding that the petitioner who did not present his claim to the state court and no

longer had time to do so had procedurally defaulted unless he could show cause for the default and prejudice or that ignoring the default was necessary to prevent a fundamental miscarriage of justice).

Even though Petitioner has not exhausted his state court remedies, this Court may nonetheless address the merits of the Petition. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). The Court chooses to address the merits here.

Petitioner argues that the consecutive sentences violate his Due Process rights because they violate Illinois law as set forth in People v. Lashley, 57 N.E.3d 780 (Ill. App. Ct. 2016). Respondent contends that the Petition should be dismissed because it does not raise a claim for federal habeas relief. Respondent asserts that the Petition raises only errors in the application of state law, and, therefore, habeas relief is unavailable because the Petition alleges no violation of the Constitution, laws, or treaties of the United States.

In Lashley, the First District Appellate Court interpreted a state sentencing statute that provided that a sentence for a new offense that defendant committed while in the custody of the Illinois Department of Corrections (IDOC) shall run consecutively to the existing sentence. 730 ILCS 5/5-8-4(d)(6) (West 2012). The First District ruled that a defendant who was on monitored release as part of an impact incarceration program (boot camp) was not held under IDOC custody within the meaning of the statute when he committed the new offense and, therefore, the new sentence was to run concurrently with the existing sentence. Petitioner asserts that he was on monitored release when he committed the offenses that formed the bases of the DuPage County cases and, therefore, his sentences should run concurrently with his Cook County sentences.

Whether the ruling in Lashley applies to Petitioner and whether the DuPage County Circuit Court incorrectly applied the statute to Petitioner are questions of state law. Federal habeas relief is unavailable to remedy errors of state law. Dellinger, 301 F.3d at 764. A federal writ of habeas corpus is only available to a

person who is being held in state custody in violation of federal law. 28 U.S.C. § 2254(a).

Petitioner attempts to present a constitutional issue by claiming that his right to due process was violated by the consecutive sentences. However, Petitioner fails to demonstrate how this issue is constitutional and not exclusively a state law matter. Petitioner's claim rests solely on Illinois sentencing law and the state court's determination of his sentences. As Respondent noted, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Therefore, an error in the interpretation of the state statute or in the application of the state case law does not present a cognizable claim for federal habeas relief. Dellinger, 301 F.3d at 764.

Therefore, Dellinger forecloses relief on Petitioner's habeas claim. Petitioner cannot show that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, or that the decision was based on an unreasonable determination of the

facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1), (d)(2).

## IV. CERTIFICATE OF APPEALABILITY

When the Court enters a final order adverse to the petitioner, the Court must issue or deny a certificate of appealability. See Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. A certificate of appealability may issue only where the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing exists where "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Peterson v. Douma, 751 F.3d 524, 528 (7th Cir. 2014), quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that no reasonable jurist would debate whether Petitioner is entitled to habeas relief under 28 U.S.C. § 2254. Therefore, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Respondent's Motion to Dismiss Petition for a Writ of Habeas Corpus (d/e 8) is GRANTED. Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 1) is DENIED and Petitioner's Motion for Summary Judgment (d/e 14) is DISMISSED. A Certificate of Appealability is also DENIED.

CASE CLOSED.

**ENTER: July 25, 2018**

**FOR THE COURT:**

**    s/Sue E Myerscough**
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**